[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: November 18, 1998 Date of Application: November 30, 1998 Date of Application Filed: December 11, 1998 Date of Decision: June 25, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Middletown.
Docket Number CR97-141855 and CR97-142185.
Duane Ziemba, Pro Se.
George Ferko, Esq., For the State of Connecticut.
SENTENCE AFFIRMED
 BY THE DIVISION
The petitioner was convicted by jury of Larceny First in violation of Conn. General Statute 53a-122 and Criminal Mischief Second in violation of Conn. General Statute 53a-116 (a)(1). On the Larceny charge the petitioner received a sentence of 12 years to serve and on the Criminal Mischief, 1 year to serve consecutively for a total effective sentence of 13 years to serve.
FACTS:
On April 16, 1997 the petitioner stole a truck from a Middletown city lot and drove through a chain gate.
On April 17, 1997 a Middletown Police Officer saw a vehicle which he CT Page 10967 recalled being involved in a pursuit earlier in the day. A check revealed that it was a stolen car. The car was parked in a backyard and a neighbor indicated that the driver had entered the residence and was believed to be on the second floor.
Police arrested the petitioner who was sitting on a bed and was charged with possession of a city owned truck. He also casually mentioned that he had "outrun" police during an earlier chase.
After allowing petitioner's counsel to withdraw, but remain available as standby counsel the petitioner elected to represent himself before the Division. He indicated to the panel that he should not have been sentenced so harshly in these matters and asked the panel to correct his sentence.
Counsel for the state noted that the petitioner had 17 prior convictions which included prior burglaries and larceny. With a history replete with such recidivism, counsel felt that the court gave proper weight to the sentence imposed and asked the panel to affirm.
This Division has no authority to reduce a sentence unless it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. Connecticut Practice Book, § 43-28.
When reviewed according to the criteria indicated there is nothing remotely inappropriate or disproportionate about this sentence. It was more than fair and THE SENTENCE IS AFFIRMED.
Norko, J.
Miano, J.
Iannotti, J.
Norko, J., Miano, J. and Iannotti, J. participated in this decision. CT Page 10968